(130 So. 676)

### BUTTS v. STATE.
### 4 Div. 496.

Court of Appeals of Alabama.
June 24, 1930.

Rehearing Denied Oct. 7, 1930.

F. M. De Graffenried, of Seale, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant admittedly killed Melvin Jackson by shooting him with a pistol. The grand jury returned an indictment against him charging murder in the first degree, but,

upon the trial of this case, he was convicted by the jury for the lesser offense of murder in the second degree, and the jury fixed his punishment at imprisonment in the penitentiary for a term of ten years.

There are but two points of decision presented on this appeal. The first insistence of error is based upon a ruling of the court upon the admission of evidence as shown by the exception reserved in this connection. Witness Daniel Rogers, for the state, gave testimony to the fact that, shortly after the shooting of Jackson by defendant, he (the witness) met the defendant in the road with a pistol in his hand going towards defendant's home, and, after proper predicate had been laid, was permitted to testify that at defendant's home he heard defendant say to his (defendant's) wife, "I shot him, and if I had it to do I would shoot him again"; that in this conversation the wife remarked to defendant, "I reckon you done now." The exception cannot be sustained. The remark of the wife complained of, if deemed incriminatory, was clearly admissible, having been uttered in his presence and addressed to the defendant; this under the simplest rules of evidence. In no event was the incident of sufficient import to effect a reversal of the judgment of conviction.

The remaining point of decision insisted upon is equally without merit, as the excerpt of the oral charge to which exception was reserved, when taken and considered in connection with the entire charge of the court, correctly stated the law of self-defense and no injurious error is apparent in this instance.

No motion for a new trial was made, nor special written charges requested. It is clear to this court that a fair and impartial trial was accorded this appellant and that no substantial right attendant has been abridged by any ruling of the court. The record also being free from error and regular in all things, it is the order here that the judgment of the lower court appealed from shall stand affirmed.

· Affirmed.